IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CRIMINAL NO. 17CR30135-DRH |
| ) | |
| BRANDON D. ENGLISH, JR., ) | |
| ) | |
| Defendant. ) | |

**COMPLETED**

---

PETITIONER MOTION FOR REDUCTION OF SENTENCE
PURSUANT TO 18 U.S.C. 3582(c)(1)(A) PREMISED ON AMENDMENT 814
WHICH AUTHORIZES A REDUCTION IN SENTENCE WHICH
REVISES SECTION 1B1.13

---

COMES NOW Brandon D. English, the Petitioner, acting pro se, and respectfully files this Motion pursuant to to 18 U.S.C. 3582(c)(2) premised on the United Sates Sentencing Commissions Amendment 814 of April 2023, which expands the list of " extraordinary and Compelling reasons " and adds an " Unusually Long Sentences " category which now authorizes the Petitioner to file a Motion under 18 U.S.C. 3582 (c)(1)(A).

IN SUPPORT THE PETITIONER STATES AS FOLLOWS:

JURISDICTION/AUTHORITY

Section 3582(c)(2) & 3582(c)(1)(A) now authorizes a reduction in sentence pursuant to Section 3582(c)(1)(A) in which revises Section 1B1.13 to reflect that a Defendant is " now authorized " to file a Motion under 18 U.S.C. 3582(c)(1)(A), Section 1B1.13 for relief if applicable. (See, Amendment 814, focusing on expanding the list of " extraordinary and compelling " reasons " in five ways to better account for the plain language of Section 3582(c)(1)(A) and its legislative history)

(1)

STATEMENT OF THE CASE

Beginning on April 12, 2017 the Petitioner agreed and " conspired " in violation of 18 U.S.C. Section 1951 as charged in Count-1, Conspiracy to Interfere with Commerce (1951 Hobbs Act) The Petitioner English plead guilty on pursuant to Rule 11(c)(3)(A) on August 21, 2018 (Dkt 48) in violation of: Count-1, 18 U.S.C. Section 1951, Hobbs Act " Conspiracy to Interfere with Commerce ", Count-2, 18 U.S.C. Section 1951 " Interference with Commerce by Robbery " and Count-3, 18 U.S.C. Section 924(c) Firearm in Furtherance of a Crime of Violence.

On December 20, 2018 pursuant to a " binding plea Agreement ", Rule 11(c)(1)(C) petitioner English was sentenced to a term of incarceration of 156 months on each Count all to be served concurrently, and a term of 84-months on Count-5, to be served consecutively to the terms imposed in Counts, 1, 2, 3 and 4, to the extent necessary to produce a total term of 240-months. (See, S.T. tarns, pg. 18, line 25 and Pg. 19,, lines 1-8)

This Honorable Court should note, the Petitioner did not exercise his right to file a Post-Conviction remedy pursuant to Section 2255, thus this Motion is ripe for adjudication pursuant to 18 U.S.C. 3582(c)(1)(A).

ISSUE - ONE - PRESENTED FOR AJUDICATION - AMENDMENT - 814

The Petitioner states Amendment 814 - Reduction in Sentence, Pursuant to Section 3582(c)(1)(A), in which this amendment revises Section 1B1.13 (colloquially referred to as the Commission's " Compassionate Release Policy statement) to reflect that a Defendant is NOW authorized to file a Motion under 18 U.S.C. Section 3582(c)(1)(A), making Section 1B1.13 applicable. This amendment expands the list of five ways to better account for " extraordinary and compelling reasons ".

(1) adds " medical Circumstances " subcategories;
(2) modifies the " Family Circumstances " category;
(3) adds a " Victim of Abuse " category;
(4) revises the " Other Reasons " category;
(5) adds an " Unusually Long Sentences " category, permitting consideration of non-retroactive changes in law in a narrow set of circumstances.

Petitioner English premises his Motion on Amendment 814 in which this amendment expanded the list of five ways to better account for " extraordinary and compelling " reason. Petitioner focuses on Categories

(4) Revises the " Other Reasons " and (5) adds an " Unusually Long Sentences " permitting consideration of non-retroactive changes in the law in a narrow set of circumstances.

> *Other Reasons.*—The defendant presents any other circumstance or combination of circumstances that, when considered by themselves or together with any of the reasons described in paragraphs (1) through (4), are similar in gravity to those described in paragraphs (1) through (4).
>
> *Unusually Long Sentence.*—If a defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment, a change in the law (other than an amendment to the Guidelines Manual that has not been made retroactive) may be considered in determining whether the defendant presents an extraordinary and compelling reason, but only where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed, and after full consideration of the defendant's individualized circumstances.

ISSUE - TWO - PRESENTED FOR ADJUDICATION

## DISCUSSION

Section **924(c)** of Title 18 of the United States Code penalizes "any person who, during and in relation to any crime of violence . . . uses or carries a firearm." 18 U.S.C. § **924(c)**(1)(A). The statute defines "crime of violence" as an offense that is a felony and

(A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or

(B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense. *Id.* § **924(c)**(3). The first clause is known as the "elements" clause, and the second clause is called the "residual clause." In *United States v. Davis*, 139 S. Ct. 2319, 204 L. Ed. 2d 757 (2019), the Supreme Court held that the residual clause of § **924(c)** was unconstitutionally vague. Therefore, offenses that had previously been considered "crimes of violence" based on the residual clause are no longer "crimes of violence" and cannot serve as predicates for § **924(c)**.

" UNUSUALLY LONG SENTENCES " - 924(C)

Petitioner English asserts in his Motion for Reduction of Sentenced is clearly based on the Sentencing Commissions Amendment 814 - " Unusually Long Sentences ", and argues in his Motion UNITED STATES -v- DAVIS, 139 S Ct. 2319, 204 L. Ed. 2d. 757 (2019) in which the United States Supreme Court has held that neither a " Conspiracy to Commit Hobbs Act Robbery 18 U.S.C. 1951, nor an attempted Hobbs Act Robbery contain

(3)

the necessary elements if use, attempted use, or threated use of physical force to serve as " predicate offenses " for addition Section 924(c)(1)(A). See, UNITED STATES -v- TAYLOR, 596 U.S. ___. 142 S. Ct. 2015, 2019, 213 L. Ed. 2d. 349 (2022). Also See, TISDALE -v- UNITED STATES, 2023 U.S. Dist Lexis 208934 (November 21, 2023) (Eastern District if Virginia) Granted in Part - Vacated 60-months - Section 924.

The reach and effect of the firearms statute were changed when the Supreme Court held in UNITED STATES -v- DAVIS that Section 924 (c)(3)(B)'s residual clause was unconstitutionally vague. Petitioner English in consequence, the Court refused to enforce a conviction and sentence premised on its terms. Subsequently in TAYLOR and now with the Petitioner English asks the Court to apply DAVIS retroactively and " vacate his own Section 924(c) conviction and sentence ". 142 S. Ct. at 2019.

Furthermore the Court noted in its TAYLOR decision that the government " did not seek to revisit DAVIS or oppose its retroactive application to TAYLORS case, as it should in Petitioner English case. Id. The Court's decision in TAYLOR applies retroactively to the facts found in Petitioner English case, and the principles the Court declared in DAVIS.

Petitioner English focuses on Amendment 814 - Reduction in Sentence - " Unusually Long Sentences " permitting consideration of non-retroactive changes in law in a narrow set of circumstances, and premises argument on his 924(c) charge that increased his sentence by 84-Months, in term giving him a sentence of 240-months, failing under " Unusually Long Sentences ". (See, Sentence Monitoring Computation Data as of 02/23/2023)

WHERFORE, Petitioner English respectfully asks this Honorable Court to " GRANT " his Section 3582(c)(1)(A) Motion and reduce his sentence by 84-Months based upon his Section 924(c) outlined in UNITED STATES -v- DAVIS and under Amendment 814, " Unusually Long Sentences ".

Respectfully submitted on this 29th day of January, 2024

Brandon B English
Mr. Brandon D. English # 30271-047
FCI Greenville
P.O. Box 5000
Greenville, IL 62246
PRO SE REPRSENTATION



(4)

CERTIFICATE OF SERVICE

    I HEREBY STATE that I Brandon English states that I placed a true and correct copy of this instrument, with First Class postage in the Legal Mail system at FCI Greenville. and served a copy of this instrument to this Honorable Court and the United States Assistant Attorney on this 29th day of January, 2024.

_Brandon D English_
Mr. Brandon D. English # 30271-047

```
OXFAQ  540*23  *       SENTENCE MONITORING              *   02-23-2023
PAGE 001       *       COMPUTATION DATA                 *   08:00:57
                       AS OF 02-23-2023

REGNO..: 30271-047 NAME: ENGLISH, BRANDON D


FBI NO............: KEKNX09TX           DATE OF BIRTH: 01-15-2000 AGE: 23
ARS1..............: OXF/A-DES
UNIT..............: 6 GP                QUARTERS.....: P02-020L
DETAINERS.........: NO                  NOTIFICATIONS: NO

FSA ELIGIBILITY STATUS IS: ELIGIBLE

THE FOLLOWING SENTENCE DATA IS FOR THE INMATE'S CURRENT COMMITMENT.

HOME DETENTION ELIGIBILITY DATE....: 05-01-2034

THE INMATE IS PROJECTED FOR RELEASE: 11-01-2034 VIA GCT REL


------------------------CURRENT JUDGMENT/WARRANT NO: 010 ------------------------

COURT OF JURISDICTION...........: ILLINOIS, SOUTHERN DISTRICT
DOCKET NUMBER...................: 3:17-CR-30135-DRH-1
JUDGE...........................: HERNDON
DATE SENTENCED/PROBATION IMPOSED: 12-20-2018
DATE COMMITTED..................: 01-29-2019
HOW COMMITTED...................: US DISTRICT COURT COMMITMENT
PROBATION IMPOSED...............: NO

                 FELONY ASSESS   MISDMNR ASSESS   FINES        COSTS
NON-COMMITTED.:  $500.00         $00.00           $00.00       $00.00

RESTITUTION...: PROPERTY:  NO  SERVICES:  NO      AMOUNT: $793.51

------------------------CURRENT OBLIGATION NO: 010 ------------------------
OFFENSE CODE....:  540     18:1951 RACKETEER, VIOLENCE
OFF/CHG: 18:1951(A)CONSPIRACY TO INTERFERE WITH COMMERCE BY ROBBERY CT1
         INTERFERENCE WITH COMMERCE BY  ROBBERY CT2-4

 SENTENCE PROCEDURE.............: 3559 PLRA SENTENCE
 SENTENCE IMPOSED/TIME TO SERVE.:    13 YEARS
 TERM OF SUPERVISION............:     3 YEARS
 DATE OF OFFENSE................: 04-21-2017




G0002        MORE PAGES TO FOLLOW . . .
```

REGNO..: 30271-047 NAME: ENGLISH, BRANDON D


------------------------CURRENT OBLIGATION NO: 020 --------------------------
 OFFENSE CODE....:  130    18:924(C) FIREARMS LAWS       FSA INELIGIBLE
 OFF/CHG: 18:924(C)(1)(A)(II)BRANDISH FIREARM DURING A CRIME OF VIOLENCE
          CT5

 SENTENCE PROCEDURE.............: 3559 PLRA SENTENCE
 SENTENCE IMPOSED/TIME TO SERVE.:     7 YEARS
 TERM OF SUPERVISION............:     5 YEARS
 RELATIONSHIP OF THIS OBLIGATION
  TO OTHERS FOR THE OFFENDER....: CS TO 010,010
 DATE OF OFFENSE................: 04-15-2017

------------------------CURRENT COMPUTATION NO: 010 -------------------------

COMPUTATION 010 WAS LAST UPDATED ON 02-22-2023 AT DSC AUTOMATICALLY
COMPUTATION CERTIFIED ON 02-25-2019 BY DESIG/SENTENCE COMPUTATION CTR

THE FOLLOWING JUDGMENTS, WARRANTS AND OBLIGATIONS ARE INCLUDED IN
CURRENT COMPUTATION 010: 010 010, 010 020

DATE COMPUTATION BEGAN..........: 12-20-2018
AGGREGATED SENTENCE PROCEDURE...: AGGREGATE GROUP 800 PLRA
TOTAL TERM IN EFFECT............:    20 YEARS
TOTAL TERM IN EFFECT CONVERTED..:    20 YEARS
AGGREGATED TERM OF SUPERVISION..:     5 YEARS
EARLIEST DATE OF OFFENSE........: 04-15-2017

JAIL CREDIT.....................:    FROM DATE      THRU DATE
                                     07-20-2017     07-20-2017
                                     09-07-2017     12-19-2018




G0002       MORE PAGES TO FOLLOW . . .

1  Mr. Cronin, just struck me as I was going through my
2  rationalization. Has his exposure in other jurisdictions
3  been limited in some way or another?
4      **MR. CRONIN:** No, Your Honor. There would be the
5  possibility of additional proceedings where we're hoping
6  that that won't be the case, and right now we don't have any
7  indication that other jurisdictions are inclined to proceed.
8  During the rather extensive negotiations we had, the
9  indication from those other jurisdictions was that they
10 would be inclined to follow the lead of the federal
11 prosecutors in this district.
12     **THE COURT:** Okay. Great.
13     So given all things considered with respect to the
14 factors in the sentencing statute, the terms of the plea
15 agreement, what's been said here today about the plea
16 agreement, I have no problem accepting the plea agreement,
17 and on that basis accept the defendant's plea and find him,
18 then, guilty of Counts 1 through 5.
19     It then is incumbent on me to follow the terms of
20 that plea agreement, and so I'll pronounce sentence in this
21 fashion: Having considered all the information in the
22 presentence report, including the guideline computations and
23 the factors set forth in 18 United States Code, Section
24 3553(a), pursuant to the Sentencing Reform Act of 1984, and
25 in accordance with the binding plea agreement in this case,

the judgment of the Court is that the defendant, Brandon D. English, Junior, be committed to the custody of the Bureau of Prisons to be imprisoned for a term of 156 months on each of Counts 1, 2, 3, and 4, all to be served concurrently, and a term of 84 months on Count 5, to be served consecutively to the terms imposed in Counts 1, 2, 3, and 4, to the extent necessary, to produce a total term of 240 months.

It's ordered that the defendant shall pay the United States a special assessment of $500, payable through the clerk of the United States District Court. Further ordered that defendant make restitution payments in the amount of $394.29 to Casey's General Store in Maryville, and the Circle K in Troy of $399.22, for a total restitution in the amount of $793.51. Restitution shall be paid through the clerk of the United States District Court. It's due immediately.

The defendant is required to notify the Court and the Attorney General of any material changes in his economic circumstances that would affect his ability to pay restitution. Court waives the fine in this case in lieu of the restitution order as well as a substantial amount of special assessments.

But since the restitution exceeds $100, defendant shall notify the United States Attorney for this district

USA vs. Brandon English
Case No. 17-cr-30135

12/20/18 - Pg. 19

Brandon English #30271-047
Federal Correctional Institution
PO Box 5000
Greenville Illinois 62246

SAINT LOUIS MO 630
21 JUN 2024

MAIL CLEARED
US MARSHALS

⇔30271-047⇔
Clerk Of Courts
750 Missouri AVE
room 104
E Saint Louis, IL 62201
United States

62201-295429

