IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 17-cr-30135-SMY |
| | ) |
| BRANDON D. ENGLISH, JR., | ) |
| | ) |
| Defendant. | ) |

# ORDER

**YANDLE, District Judge:**

Defendant Brandon D. English, Jr. was sentenced on December 20, 2018, to 240 months' imprisonment for conspiracy to interfere with commerce by robbery, three counts of interference with commerce by robbery, and brandishing a firearm during a crime of violence (Docs. 63, 65). He is currently housed at FCI-Greenville, and his projected release date is November 1, 2034. Now pending before the Court is English's Motion for Compassionate Release pursuant to the First Step Act of 2018 (Doc. 77), which the Government opposes (Doc. 81).

Section 603(b)(1) of the First Step Act permits the Court to reduce a term of imprisonment upon motion of either the Director of the BOP or a defendant for "extraordinary or compelling reasons" so long as the reduction is "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1). Following a recent amendment by the Sentencing Commission, "extraordinary and compelling reasons" for compassionate release include: (1) medical circumstances, (2) "death or incapacitation of the caregiver of the defendant's minor child," (3) the defendant, while in custody, was the victim of sexual or physical abuse, or (4) "other circumstance or combination of circumstances that, when considered by themselves or together with any of the reasons described in paragraphs (1) through

(4), are similar in gravity to those described in paragraphs (1) through (4)." U.S.S.G. § 1B1.13(b). Defendants moving for compassionate release bear the burden of establishing the existence of extraordinary and compelling reasons for such release. *United States v. Newton*, 996 F.3d 485, 488 (7th Cir. 2021).

English moves for compassionate release asserting that under *United States v. Davis*, 588 U.S. 445 (2019), his conspiracy to commit Hobbs Act robbery is no longer a valid predicate conviction for his § 924(c) offense and he would have received a lower sentence were he sentenced today. Non-retroactive changes in sentencing laws are not grounds for compassionate release. *See United States v. Thacker*, 4 F.4th 569, 575 (7th Cir. 2021) (non-retroactive change to statutory mandatory minimum sentence was not extraordinary and compelling reason for relief under § 3582(c)(1)(A)(i)). There must be some other independent "extraordinary and compelling" reason for a sentence reduction. Here, there are none.

Accordingly, Defendant's Motion for Compassionate Release (Doc. 77) is **DENIED**.

**IT IS SO ORDERED.**

**DATED:** January 31, 2025

**STACI M. YANDLE**
**United States District Judge**