**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 17-cr-30135-SMY** |
| | ) | |
| **BRANDON D. ENGLISH, JR.,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## <u>ORDER</u>

**YANDLE, Chief District Judge:**

Defendant Brandon D. English, Jr. was sentenced on December 20, 2018, to 240 months' imprisonment for conspiracy to interfere with commerce by robbery, three counts of interference with commerce by robbery, and brandishing a firearm during a crime of violence (Docs. 63, 65). He is currently housed at FCI-Greenville, and his projected release date is November 1, 2034. Now pending before the Court are English's motions for compassionate release pursuant to the First Step Act of 2018 (Docs. 83, 84) and Motion to Appoint Counsel (Doc. 86).

Section 603(b)(1) of the First Step Act permits the Court to reduce a term of imprisonment upon motion of either the Director of the BOP or a defendant for "extraordinary or compelling reasons" so long as the reduction is "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1). Following a recent amendment by the Sentencing Commission, "extraordinary and compelling reasons" for compassionate release include: (1) medical circumstances, (2) "death or incapacitation of the caregiver of the defendant's minor child," (3) the defendant, while in custody, was the victim of sexual or physical abuse, or (4) "other circumstance or combination of circumstances that, when considered by themselves or together with any of the reasons described in paragraphs (1) through (4), are similar in gravity to

those described in paragraphs (1) through (4)." U.S.S.G. § 1B1.13(b).  Defendants moving for compassionate release bear the burden of establishing the existence of extraordinary and compelling reasons for such release. *United States v. Newton*, 996 F.3d 485, 488 (7th Cir. 2021).

English asserts that he was seventeen years old at the time he committed his offenses and asks the Court to consider his age as a basis for relief.  He also contends he would have received a lower sentence were he sentenced today.

English's age at the time of his offenses is not an extraordinary and compelling reason under 18 U.S.C. § 3582(c)(1)(A)(i) or U.S.S.G. § 1B1.13(b). *See also United States v. Hall*, 179 F.4th 504, 508 (6th Cir. 2026) (facts that existed at sentencing cannot later be construed as "extraordinary and compelling reasons" to reduce a final sentence).  Nor is the supposed invalidity of a conviction or non-retroactive changes in the law that would have made a defendant's sentence shorter had the change applied at his sentencing. *See Fernandez v. United States*, 146 S. Ct. 1292, 1302 (2026); *Rutherford v. United States*, 146 S. Ct. 1320, 1330-31 (2026).  These circumstances may, however, be considered in determining the extent of a reduction where other extraordinary and compelling reasons exist.  Here, English does not provide any additional grounds for a reduction.

Accordingly, Defendant's motions seeking compassionate release (Docs. 83, 84) and Motion to Appoint Counsel (Doc. 86) are **DENIED**.

**IT IS SO ORDERED.**

**DATED:  July 20, 2026**

**STACI M. YANDLE**
**Chief United States District Judge**